UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SHARON K. POPE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:13-CV-88 RLM |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## OPINION and ORDER

This cause is before the court on Sharon Pope's motion for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412, following the court's entry of final judgment remanding the case to the Commissioner of Social Security for further proceedings. Ms. Pope requests an award of fees in the total amount of $12,928.28; the Commissioner hasn't opposed her request.

The EAJA permits recovery of attorney fees based on "prevailing market rates," but not in excess of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Ms. Pope requests fees for her attorneys at the rate of $187.75 per hour and fees at the rate of $95.00 per hour for work done by counsels' legal assistants. Ms. Pope maintains an hourly fee greater than $125.00 for counsel is warranted based on inflation and the fact that the hourly rates being charged by

attorneys for similar work far exceeds the adjusted EAJA rate. *See* Mot., ¶ 14 & Exhs. 4-9. Ms. Pope notes, too, that the cost of doing business for her attorneys has risen dramatically since 1996, *i.e.*, rent, wages, and health insurance premiums, warranting a cost-of-living adjustment.

In accordance with Section 204(d) of the Act, Ms. Pope has submitted an itemized statement from her attorney showing "the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Counsel explains that his hourly rate is based on "the cost of living adjustments allowed by statute when employing the 'All items' figure provided by the Midwest Consumer Price Index," which is attached to the motion. Mot., ¶ 11 & Exh. 1.

The court finds that "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted," and counsel's use of the Consumer Price Index to calculate an appropriate inflation adjustment is reasonable. Tchemkou v. Mukasey, 517 F.3d 506, 512 (7th Cir. 2008); *see also* Williams v. Astrue, No. 11 C 2053, 2013 WL 250795, at *2 (N.D. Ill. Jan. 23, 2013) ("Courts in this district have allowed claimants to use the Consumer Price Index to adjust hourly attorneys' rates to account for cost of living increases in EAJA cases."). Counsel's claims for his legal assistants are also reasonable and comparable to those awarded in similar cases. *See, e.g.*, Chorak v. Astrue, No. 2:11cv114, 2012 WL 1577448 at *2-*3 (N.D. Ind. May 4, 2012) (approving $125 per hour for law clerk and $100 per hour for paralegal); Johnson v. McMahon, No.

05-C-129, 2007 WL 5614102, at *7 (W.D. Wis., Feb. 13, 2007) (approving $100 per hour for paralegal services); Barrientos v. Barnhart, No. 00-C-7407, 2003 WL 1381126, at *2 (N.D. Ill. May 7, 2004) (same). As noted above, the Commissioner hasn't challenged or objected to the hourly rates charged or the amount of fees requested by Ms. Pope.

Based on the foregoing, the court GRANTS Ms. Pope's motion for an award of fees under the Equal Access to Justice Act [docket # 30]. Pursuant to 28 U.S.C. § 2412(d), the court finds that Ms. Pope is entitled to an award of fees in the amount of $12,928.28.

SO ORDERED

ENTERED:   February 5, 2015

/s/ Robert L. Miller, Jr.
Judge, United States District Court